# UNITED STATES DISTRICT COURT

for the

DISTRICT OF NEVADA

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
NOV 16 2020
CLERK US DISTRICT COURT

EDWARD E. SEELY
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

CITY OF LAS VEGAS (DOES 1-10 OR/ROES 1-10)
NEVADA STATE PUBLIC WORKS DIVISION
(DOES 1-10 OR/AND ROES 1-10 CORPORATIONS)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 2:20-cv-02109-APG-VCF

Jury Trial: *(check one)* ☒ Yes ☐ No

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND ITS ACCESSIBILITY GUIDELINES STRUCTURAL REQUIREMENTS RESULTING IN PERSONAL INJURY

## COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | EDWARD E. SEELY |
| Street Address | 453 N. 11ST APT B |
| City and County | LAS VEGAS, CLARK COUNTY |
| State and Zip Code | NEVADA 89101 |
| Telephone Number | 1-702-680-9002 |
| E-mail Address | dancingman4life@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

    Name                             *City of Las Vegas (John/Jane Does 1-10 or and*

                                        *Roes 1-10)*

    Job or Title *(if known)*

    Street Address                  *495 South Main St. 89101*

    City and County              *Las Vegas of Clark County*

    State and Zip Code          *Nevada, 89101*

    Telephone Number         *1-702-229-6011*

    E-mail Address *(if known)*     *N/A ( lasvegasnevada.gov)*

**Defendant No. 2**

    Name                             *Nevada State Public Works Division (John/Jane*

                                        *Does 1-10 and/or Roes 1-10 (Corporations)*

    Job or Title *(if known)*

    Street Address                  *2300 McLeod St.*

    City and County              *Las Vegas, Clark County*

    State and Zip Code          *Nevada, 89104*

    Telephone Number         *1-702-486-5115*

    E-mail Address *(if known)*

**Defendant No. 3**

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**Defendant No. 4**

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

# I.)        INTRODUCTION

1    THE TRUE NAMES OR CAPACITIES, WHETHER INDIVIDUAL, CORPORATE,
2    ASSOCIATE OR OTHERWISE OF DEFENDANTS DOES 1-10 AND/OR ROES
3    CORPORATIONS 1-10 INCLUSIVE, UNKNOWN TO PLAINTIFF WHO, THEREFORE,
4    SUES SAID DEFENDANTS BY SUCH FICTITIOUS NAMES;
5        PARAGRAPH #1,   THE PLAINTIFF IS INFORMED, BELIEVE AND ALLEGE
6    THAT DEFENDANTS DESIGNATED HEREIN AS A DOE AND/OR ROE
7    CORPORATIONS ARE ANY ONE OF THE FOLLOWING;
8        (a). A PARTY RESPONSIBLE IN SOME MANNER FOR THE EVENTS
9    AND HAPPENINGS HEREUNDER REFERRED TO, AND IN SOME MANNER
10   PROXIMATELY CAUSED INJURIES AND DAMAGES TO THE PLAINTIFF AS
11   HEREIN ALLEGED INCLUDING, BUT NOT LIMITED TO, RESPONSIBLE FOR
12   THE PLAINTIFFS INJURIES AT ISSUE;
13       (b). PARTIES THAT WERE THE AGENTS, SERVANTS, AUTHORITIES,
14   AND CONTRACTORS OF THE DEFENDANTS, EACH OF THEM ACTING WITHIN
15   THE COURSE AND SCOPE OF THEIR AGENCY, EMPLOYMENT OR CONTRACT;
16       (c). PARTIES THAT OWN, LEASE, MANAGE, OPERATE, SECURE, INSPECT,
17   REPAIR, MAINTAIN, AND/OR ARE RESPONSIBLE FOR THE "SIDEWALKS" AND/OR
18   "CURB RAMPS" IN QUESTION BY THE DEFENDANTS AT THE TIME OF THIS INCIDENT;
19   AND/OR ...
20       (d). PARTIES THAT HAVE ASSUMED OR RETAINED THE LIABILITIES OF ANY OF
21   THE DEFENDANTS BY VIRTUE OF AN AGREEMENT, SALE, TRANSFER OR OTHERWISE.
22       PARAGRAPH #2,   PLAINTIFF IS INFORMED, BELIEVES AND THEREON
23   ALLEGES THAT DEFENDANTS, DOES 1-10 ARE EMPLOYEES OF THE DEFENDANTS
24   WHO MAY BE LIABLE FOR DEFENDANTS NEGLIGENCE PURSUANT TO NRS 41.130,
25   WHICH STATES;
26       "EXCEPT AS OTHERWISE PROVIDED IN NRS 41.745,
27       WHENEVER ANY PERSON SHALL SUFFER PERSONAL
28       INJURY BY WRONGFUL ACT, NEGLECT OR DEFAULT

1  OF ANOTHER, THE PERSON CAUSING THE INJURY IS
2  LIABLE TO THE PERSON INJURED FOR DAMAGES; AND
3  WHERE THE PERSON CAUSING THE INJURY IS EMPLOYED
4  BY ANOTHER CORPORATION RESPONSIBLE FOR THIS
5  CONDUCT, THAT PERSON OR CORPORATION SO
6  RESPONSIBLE IS LIABLE TO THE PERSON INJURED FOR
7  DAMAGES"
8
9      A.) THE PARTIES THAT WERE AGENTS, AUTHORITIES, CONTRACTORS, OF THE
10 DEFENDANTS DOES/ROES 1-10 OR/AND PARTIES THAT OWN, LEASE, MANAGE,
11 OPERATE, SECURE, INSPECT, REPAIR, MAINTAIN, AND/OR ARE RESPONSIBLE
12 FOR THE "FEATURES" SIDEWALKS AND CURB RAMPS IN QUESTION THAT CAUSED
13 PLAINTIFFS INJURY, HAD A FEDERAL AND STATE STATUTORY RESPONSIBILITY
14 AND/OR WAS REQUIRED BY LAW TO COMPLY WITH BOTH FEDERAL AND STATE
15 ACCESSIBILITY REGULATIONS;
16      UNDER THE STATE LAW OF ACCESSIBILITY OF NRS 338.180 INCLUSIVE,
17 STATES THE FOLLOWING;
18      "THE LEGISLATURE OF THE STATE OF NEVADA DECLARES THAT;
19  (a) THE PRIMARY PURPOSE OF THIS SECTION IS TO PROVIDE, SUBJECT
20      TO THE LIMITATIONS SET FORTH IN THIS SECTION, FOR THE REMOVAL
21      AND ELIMINATION OF ARCHITECTURAL BARRIERS TO PERSONS WITH
22      A PHYSICAL HANDICAP IN PUBLIC BUILDINGS AND FACILITIES DESIGNED
23      AFTER JULY 1, 1973, IN ORDER TO ENCOURAGE AND FACILITATE
24      THE EMPLOYMENT OF PERSONS WITH PHYSICAL HANDICAPS AND
25      TO MAKE PUBLIC BUILDINGS ACCESSIBLE TO AND USABLE BY
26      PERSONS WITH A PHYSICAL HANDICAP"
27  (b) "IT IS THE INTENT OF THE LEGISLATURE THAT INSOFAR AS POSSIBLE
28      ALL BUILDINGS AND FACILITIES USED BY THE PUBLIC BE ACCESSIBLE

1   To, AND FUNCTIONAL FOR, PERSONS WITH A PHYSICAL
2   HANDICAP, WITHOUT loss OF FUNCTION, SPACE OR
3   FACILITY WHERE THE GENERAL PUBLIC IS CONCERNED"
4   2.) "ALL PLANS AND SPECIFICATIONS FOR THE CONSTRUCTION
5   OF PUBLIC BUILDINGS AND FACILITIES OWNED BY A PUBLIC
6   BODY MUST, AFTER JULY 1, 1973, PROVIDE FACILITIES
7   AND FEATURES FOR PERSONS WITH A PHYSICAL HANDICAP
8   SO THAT BUILDINGS AND FACILITIES WHICH ARE NORMALLY
9   USED BY THE PUBLIC ARE CONSTRUCTED WITH RAMPS" AND
10  "ACCESSIBLE TO AND USABLE BY PERSONS WITH A PHYSICAL
11  HANDICAP. IN ADDITION, All PLANS AND SPECIFICATIONS
12  FOR THE CONSTRUCTIONS OR ALTERATION OF PUBLIC
13  BUILDINGS AND FACILITIES OWNED BY A PUBLIC BODY
14  MUST COMPLY WITH THE APPLICABLE REQUIREMENTS
15  OF THE";
16  (@). "AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC
17  §§ 12101 ET. SEQ., AND THE REGULATIONS ADOPTED
18  PURSUANT THERETO, INCLUDING, WITHOUT LIMITATIONS,
19  THE AMERICANS WITH DISABILITIES ACT ACCESSIBILITY
20  GUIDELINES FOR BUILDINGS AND FACILITIES SET FORTH
21  IN APPENDIX A OF PART 36 OF TITLE 28 OF THE CODE
22  OF FEDERAL REGULATIONS"...
23
24  THE REGULATIONS SET FORTH IN TITLE 28 PART 36, APPENDIX A LISTED IN
25  28 CODE OF FEDERAL REGULATIONS (C.F.R.) §§ 35.150 - 35.151 ET. SEQ., AS OF 1991,
26  THE ARCHITECTURAL AND TRANSPORTATION BARRIERS COMPLIANCE BOARD ISSUED
27  THE FIRST A.D.A. ACCESSIBILITY GUIDELINES (ADAAG) WHICH WERE ADOPTED
28  IN FULL AS A.D.A REGULATIONS FOR GOVERNMENT AND MUNICIPALITIES ALIKE

PAGE 5

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*42 USC §12101-12134 ET. SEQ., 28 C.F.R §35.150-35.151 ET. SEQ., (28 C.F.R PART 36, APPENDIX A, SECT. 4, SUBSECT 4.3-4.8) ADA ACCESSIBILITY guidelines NEVADA REVISED STATUTE 338.180 ET. SEQ,*

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

*PAGE 6*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

          The defendant, *(name)* _____ , is incorporated under

          the laws of the State of *(name)* _____ , and has its

          principal place of business in the State of *(name)* _____ .

          Or is incorporated under the laws of *(foreign nation)* _____ ,

          and has its principal place of business in *(name)* _____ .

          *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

        PLAINTIFF SUES FOR DAMAGES IN THE AMOUNT OF $100,000 FOR HIS PERSONAL INJURIES SUSTAINED AS A RESULT OF DEFENDANTS FAILURE TO COMPLY WITH THE STRUCTURAL AND ACCESSIBILITY REQUIREMENTS OF THE A.D.A. FOR BUILDINGS AND FACILITIES, NAMELY ITS "CURB RAMPS" ACCESSIBILITY

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

ON NOVEMBER 16TH, 2018 PLAINTIFF SUSTAINED A BROKEN LEFT TIBIA AS A RESULT OF A STEEP CURB RAMP LOCATED ON CHARLSTON BLVD AND MARYLAND PKWY. THE CURB RAMP IS NOT IN COMPLIANCE WITH THE AMERICANS WITH DISABILITIES ACT ACCESSIBILITY GUIDELINES SET FORTH IN 28 CFR §35.150-35.151 (28 CFR PT36. APPA SECT 4 SUBSECT 4.3-4.8) THE DEFENDANTS ARE RESPONSIBLE FOR/OR AND OWN, LEASE, MANAGE, OPERATE, MAINTAIN, REPAIR, SECURE OR/AND CONSTRUCTION OF "SIDEWALKS" AND/OR "CURB RAMPS"

SEE PGS 8-12 HEREIN

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLAINTIFF SEEKS COMPENSATORY AND PUNITIVE DAMAGES FROM THE DEFENDANTS INDEPENDANTLY OR/AND COLLECTIVELY IN THE AMOUNT OF "100,000" (ONE HUNDRED THOUSAND DOLLARS) SEE PG 13 HEREIN

## III.)    STATEMENT OF THE CASE

1   On November 14th, 2018, the "Plaintiff" Edward E. Seely who is
2   a T-4 Paraplegic Confined to his wheelchair, left his home located
3   off Maryland Pkwy in Las Vegas, Nevada, to go shopping at the 99¢
4   store located at the corner of Maryland Pkwy and Charlston
5   Blvd some 7 to 8 blocks away. The Plaintiff's direct path of
6   travel he uses every week is along Maryland Pkwy for his
7   shopping needs. As the Plaintiff was rolling his wheelchair
8   southbound on Maryland Pkwy towards Charlston Blvd, he was
9   required to cross the 7-to-8 cross-streets along Maryland Pkwy
10  utilizing the pedestrian right away curb ramp crossings.

11  Each one of these 7 to 8 curb ramp crossings are also connected
12  to the sidewalks, has been recently renovated, modified or/and
13  reconstructed in slope and rise for barrier free degress and
14  egress for individuals with mobility impairments using
15  wheelchairs to cross the streets with ease. For the Plaintiff
16  there was a barrier free transition from sidewalk to street
17  and back to sidewalk across each street. After shopping at the
18  99¢ store, the Plaintiff decided to visit the Savers store located
19  across Charlston Blvd on the southwest corner.

20  The Plaintiff asserts that he noticed the curb ramps at the
21  intersection of Charlston Blvd and Maryland Pkwy were not
22  modified, altered or reconstructed like the curb ramps leading
23  up to that intersection from his path of travel along Maryland
24  Pkwy. The curb ramps at Charlston Blvd were infact at a very
25  steep degress angle transitioning to the street crossing. As
26  the Plaintiff started to cross the street of Charlston Blvd using
27  the curb ramp, the Plaintiff lost control of his wheelchair
28  because of the steep slope angle of the curb ramp, and even

1. Though Plaintiff tried to prevent his wheels of his wheelchair from
2. sliding down the curb ramp towards the intersection and into traffic
3. of Charleston Blvd, Plaintiff was Unsuccessful and was thrown from
4. his wheelchair into the street. At this time, Plaintiff heard a
5. "Pop" internally, before he can recover his senses he was met by
6. individuals who got out of their cars to help him up and deposited
7. him back into his wheelchair. Plaintiff immediately felt painful
8. surges in his left leg below his knee. Plaintiff called a friend
9. to pick him up so he could go the hospital, but before he could
10. go to the hospital, Plaintiff had to go home to get his medical
11. insurance documents, he arrived at Valley Hospital within the
12. hour.
13. The Plaintiff was evaluated by intake and immediately consulted
14. with doctors, who admitted Plaintiff to Valley Hospital for
15. immediate surgery, to prevent amputation of Plaintiffs left leg.
16. Valley Hospital Physicians Dr. Huy N. Nguyen and Brian Wolff course
17. of surgical action that Plaintiff suffered a "left leg proximal
18. tibia fracture and was consulted on suffering a anterior compart-
19. ment syndrome". The Plaintiff was taken into emergency surgery
20. for a left leg (4) compartment fasciotomy procedure in the early
21. morning of the 17th of November 2015. Doctors had to cut open both
22. sides of Plaintiffs left leg from the knee to the calf to relieve
23. blood pressure in the (4) muscle compartments around the knee.
24. On the morning of the 19th of November 2015, Plaintiff went
25. back to surgery so doctors could perform an "open reduction
26. internal fixation of the left leg tibia plateau with a metal plate
27. to stabilize the tibia fracture".
28. The Plaintiff spent a week in the hospital and was released a week

1  LATER ON THANKSGIVING DAY.

2  THE PLAINTIFF RECIEVED HOME HEALTH CARE FOR APPROXIMATELY (2)

3  TWO MONTHS AND EVALUATED FOR PHYSICAL THERAPY BY THE ORTHOPEDIC

4  SURGEON WHO PERFORMED SURGERY ON THE PLAINTIFF. THE PLAINTIFF

5  WAS ALSO CONSULTED BY A PAIN MANAGEMENT SPECIALIST TO MAINTAIN

6  HIS CONTINUOUS LEG PAIN. DURING PLAINTIFFS HOME HEALING PROCESS,

7  DOCTORS REQUIRED HIM TO WEAR A LEG BRACE ON AN LEFT LEG FOR

8  STABILIZATION, AND BECAUSE OF THE WEARING OF THE LEG BRACE, PLAINTIFF

9  DEVELOPED AN ANKLE PRESSURE WOUND, WHICH HE IS CURRENTLY BEING

10 TREATED FOR BY THE VALLEY HYPERBERIC AND WOUND CARE CLINIC

11 IN LAS VEGAS, NEVADA.

12 THE PLAINTIFF ASSERTS, HAD IT NOT BEEN FOR THE STEEP ANGLED

13 CURB RAMP, HE WOULD NOT HAVE BROKEN HIS LEG, ENDURED SURGICAL

14 EMERGENCY SURGERY, HOSPITALIZATION, AND NOW STILL BEING TREATED

15 BY WOUND CARE AND PAIN MANAGEMENT SPECIALIST AS A RESULT OF THE

16 INJURY, OVER THE PAST (2) TWO YEARS

17 THE PLAINTIFF CALLED THE CITY TO PUT THEM ON NOTICE OF THE

18 INACCESSIBILITY OF THE CURB RAMP AT CHARLSTON BLVD, THE CITY TOOK

19 HIS COMPLAINT OVER THE PHONE, THEN INFORMED HIM THAT NEVADA

20 STATE PUBLIC WORKS DIVISION MANAGES THE SIDEWALKS AND CURB RAMPS

21 IN THAT AREA, AND WAS ADVISED TO CALL NEVADA STATE PUBLIC WORKS

22 DIVISION AND MAKE HIS COMPLAINT THERE. THE PLAINTIFF THEN CALLED

23 NEVADA STATE PUBLIC WORKS AND PLAINTIFF WAS INFORMED CITY HAD/

24 OR HAS CONTROL OF THE AREA IN QUESTION. THE PLAINTIFF DECIDED TO

25 CALL BACK THE CITY AND STATE PUBLIC WORKS DIVISION TO PUT THEM ON

26 NOTICE OF HIS INJURY CAUSED BY THE STEEP CURB RAMP AT CHARLSTON BLVD,

27 THEN PLAINTIFF REQUESTED THAT SOMEONE RETURN HIS CALL.

28 THE PLAINTIFF ASSERTS HE CALLED THE CITY REGARDING HIS INJURY, AND HE

1. CALLED NUMEROUS TIMES AND DID NOT RECEIVE A PHONE CALL BACK
2. THE DEFENDANTS DOES OR/AND ROES (CORPORATION 1-10 INDEPENDANTLY,
3. OR/AND COLLECTIVELY FAILED TO MAINTAIN, ALTER, MODIFY OR/AND RECONST-
4. RUCT THE CURB RAMP AT THE CHARLSTON BLVD AND MARYLAND PKWY
5. INTERSECTION PURSUANT TO THE ADAAG ACCESSIBILITY REQUIREMENTS FOR
6. "CURB RAMPS" LISTED IN 28 C.F.R § 35.150-35.151 ET. SEQ., ( 28 C.F.R § PART
7. 36, APPENDIX A, SECTION 4, SUBSECTIONS 4.3-4.8) AND THIS FAILURE
8. CAUSE THE PLAINTIFFS INJURY
9.
10. <u>PLAINTIFF's CAUSE OF ACTION</u>
11.
12. THE PLAINTIFF ASSERTS HIS CAUSE OF ACTION AGAINST THE CITY OF
13. LAS VEGAS AND NEVADA STATE PUBLIC WORKS DIVISION DOES/AND OR
14. ROES / CORPORATIONS FOR FAILING TO COMPLY WITH THE ACCESSIBILITY A.D.A
15. REQUIREMENTS FOR PEDESTRIAN RIGHT AWAYS AND "CURB RAMPS" SET FORTH
16. IN 28 C.F.R PT. 36. APP. A, SECT. 4, SUBSECT 4.3-4.8.
17. THE DEFENDANTS HAVE SHOWN THAT CURB RAMPS ACCESSIBILITY AND/OR
18. MODIFICATION IS FUNDAMENTALLY POSSIBLE AND WOULD NOT FUNDAMENTALLY
19. ALTER THE NATURE OF THE CHARLSTON BLVD INTERSECTION CURB RAMP CROSS-
20. INGS, BUT WOULD BE BENEFICIAL SO WHEN VIEWED IN ITS ENTIRETY, THE
21. CHARLSTON BLVD INTERSECTION CURB RAMPS WOULD BE ACCESSIBLE TO, FUNCTIONAL
22. FOR AND USABLE BY INDIVIDUALS WITH MOBILITY IMPAIRMENTS, BECAUSE
23. THE DEFENDANTS HAVE SHOWN THEY MODIFIED, ALTERED, OR RECONSTRUCTED
24. THE CURB RAMPS ALONG MARYLAND PKWY LEADING UP TO THE CHARLSTON
25. BLVD INTERSECTION IN COMPLIANCE WITH THE ACCESSIBILITY REQUIREMENTS,
26. SET FORTH IN THE <u>ADAAG 28 C.F.R PT 36, APP. A. SECT 4, SUBSECT 4.3-</u>
27. <u>4.8.</u>
28.

## Count I

1   The Plaintiff asserts his First Cause of Action against the City
2   of Las Vegas Does and/or Roes Corporation 1-10 for Failing to
3   Maintain, Alter, Modify on/and Operate its Pedestrian Rights
4   Away, Streets, Sidewalks and Curb Ramps at Charlston Blvd
5   and Maryland Pkwy Intersection in Compliance with the Accessibility
6   Structural Requirements set forth in the ADAAG 28 c.f.r.§ Pt. 36,
7   App-A. Sect 4, Subsections 4.3-4.8 of 28 c.f.r. § 35.150-35.151
8   et. seq., inclusive to State Law Accessibility Requirements of NRS
9   338.180(1),(2). Therefore, these Defendants Failure to Comply
10  with Federal and State Accessibility Requirements, are liable for
11  the injuries the Plaintiff sustained
12
## Count II
13
14
15  The Plaintiff asserts his Second Cause of Action against the
16  Nevada State Public Works Division Does on/and Roes Corporation
17  1-10 for Failing to Maintain, Alter, Modify on/and Operate the
18  Pedestrian Right Aways, Sidewalks and Curb Ramps at the Charlston
19  Blvd and Maryland Pkwy Intersection, on/and Failed to Maintain,
20  Alter, Modify on/and Operate as an Agent, Servant, Authority,
21  and Contractor of the Defendants, who may or may not own, lease,
22  manage, operate, secure, inspect, Repair on/and Maintain the
23  Intersection Curb Ramp in Question Pursuant to the Accessibility
24  Structural Requirements set forth in the ADAAG 28 c.f.r § Pt 36.
25  App. A. Sect 4, Subsections 4.3-4.8 of 28 c.f.r § 35.150-35.151 et. seq.,
26  inclusive to the State Accessibility Requirements of NRS 358.180(1),(2).
27  Therefore, these Defendants Failure to Comply with Federal and
28  State Accessibility Requirements, are liable for Plaintiffs injuries.

## Conclusion

1  THE PLAINTIFF CAN AND WILL PRESENT EVIDENCE THAT DEFENDANTS
2  NAMED HEREIN KNEW AND WERE AWARE OF THE CURB RAMPS STATE AND
3  FEDERAL ACCESSIBILITY REQUIREMENTS AND FAILED TO COMPLY WITH THOSE
4  REQUIREMENTS. IN DOING SO, THE PLAINTIFF PRAYS FOR A FAVORABLE
5  DECISION IN HIS FAVOR

6
7              ## DAMAGES REQUESTED
8  1.)
9      THE PLAINTIFF SEEKS COMPENSATORY DAMAGES PURSUANT TO THE
10 APPLICABLE STATUTE OR/AND STATUTES UNDER NRS CHAPTER 41, IN THE
11 AMOUNT OF $100,000°° (ONE HUNDRED THOUSAND DOLLARS) THE MAXIMUM
12 AMOUNT ALLOTTED FOR THE INJURIES SUSTAINED AND CONTINUED MEDICAL
13 TREATMENT WITH LONG TERM PAIN MANAGEMENT

14
15 2.) THE PLAINTIFF ALSO SEEKS PUNITIVE DAMAGES IN THE SAME AMOUNT
16 AS COMPENSATORY DAMAGES FOR DEFENDANTS FAILURE TO COMPLY WITH
17 FEDERAL AND STATE ACCESSIBILITY REQUIREMENTS LISTED IN THIS COMPLAINT
18 THAT CAUSED THE PLAINTIFFS INJURIES AND WILL CAUSE OTHER INJURY TO
19 UNKNOWN PEDESTRIANS IF NOT MODIFIED, ALTERED, OR/AND RECONSTRUCTED
20 IN COMPLIANCE WITH THE FEDERAL AND STATE ACCESSIBILITY REQUIREMENTS
21 LISTED AND REQUIRED BY THE ADA'S ACCESSIBILITY GUIDELINES PROMULGATED
22 BY THE DEPARTMENT OF JUSTICE FOR LOCAL GOVERNMENTS AND MUNICIPAL-
23 ITIES.

24
25 3.) THE PLAINTIFF SEEKS A COURT ORDER, ORDERING THE DEFENDANTS
26 LIABLE FOR THE OPERATION, CONSTRUCTION, ALTERATION, MODIFICATIONS OR/AND
27 STRUCTURAL CHANGES TO PUT FORTH A "TRANSITION PLAN" TO CONDUCT THE
28 NECESSARY STRUCTURAL CHANGES IN COMPLIANCE WITH 28 CFR §35.151 ET.SEQ.;(1)

FN 1.  THE AMERICANS WITH DISABILITIES ACT OF 1990 AND ITS ACCESSIBILITY
GUIDELINES SET FORTH IN TITLE 28 CODE OF FEDERAL REGULATIONS 28 CFR PT 36.
APP.A. SECTION 4 ET.SEQ;

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _11/15/20_

Signature of Plaintiff   _EC_   "ACTING IN PRO-SE"
Printed Name of Plaintiff   _EDWARD E. SEELY – 453 N. 11ST APT B. LAS VEGAS, NV 89101_

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____

PAGE 14

## CERTIFICATE OF SERVICE

I, _EDWARD E. SEELY_ certify that on this date I did serve a true and correct copy of the

foregoing Motion upon Respondent(s), via U.S. Mail, by placing same in the United States

_DISTRICT COURT, DISTRICT OF NEVADA MAIL BOX, ADDRESSED TO;_

CLERK, OF
— U.S. DISTRICT COURT DISTRICT OF NEVADA
333 LAS VEGAS BLVD, SOUTH, LAS VEGAS
NV, 89101

— AND —

— CITY OF LAS VEGAS - 495 S. MAIN ST
LAS VEGAS, NV 89101
— AND —
— NEVADA STATE PUBLIC WORKS DIVISION
2300 McLEOD ST, LAS VEGAS, NV 89104

Dated this _15TH_ day of _NOVEMBER_ , 20 **20**.

By: _EC ____ /EDWARD SEELY_

Movant, In Proper Person

## AFFIRMATION PURSUANT TO NRS 239B.030

** I certify that the foregoing document DOES NOT contain the social security number of any

Persons.

_10/15/20_
(Date)

_EC_
(Signature)

-4-

_PAGE 15_

SWORN DECLARATION UNDER PENALTY OF PERJURY

STATE OF NEVADA

County of Clark

SWORN DECLARATION UNDER PENALTY OF PERJURY

I, _EDWARD E SEELY_ , declare from my personal knowledge that the following facts are true:
   (name)

(State the facts in as many numbered paragraphs as are needed. Attach additional pages if necessary)

1. _I, EDWARD E SEELY DECLARE THAT ON NOVEMBER 16TH, 2020 SUFFERED A BROKEN TIBIA AS A RESULT OF A CURB RAMP BEING TOO STEEP DEGRESSING TO THE CHARLSTON BLVD CROSSING. THIS RESULTED IN SURGICAL TREATMENT AND HOSPITALIZATION_

2. _THE CURB RAMPS ON MARYLAND PKWY GOING SOUTHBOUND TO CHARLSTON BLVD HAVE BEEN MODIFIED OR ALTERED IN COMPLIANCE WITH THE CURRENT A.D.A ACCESSIBILITY STRUCTURAL REQUIREMENTS, BUT STOPPED BEFORE AND AT CHARLSTON BLVD_

3. _THE PLAINTIFF IS A PARAPLEGIC CONFINED TO A WHEELCHAIR AND USES MARYLAND PKWY AS A PATH OF TRAVEL TO DO HIS SHOPPING_

4. _THE CITY (JOHN/JANE DOES 1-10) AND PUBLIC WORKS (JOHN/JANE DOES 1-10) ARE RESPONSIBLE FOR MAINTAINING, MODIFYING OR ALTERING ALL ITS PEDESTRIAN PATHS OF TRAVEL, RIGHTS AWAYS AND CURB RAMPS TO COMPLY WITH THE A.D.A ACCESSIBILITY REQUIREMENTS_

5. _THE DEFENDANTS FAILURE TO MAINTAIN, ALTER, OR MODIFY IS CURB RAMP AT CHARLSTON BLVD TO COMPLY WITH THE CURRENT A.D.A ACCESSIBILITY REQUIREMENTS OF 28 CFR §35:150-35:151 ET. SEQ., (28 CFR § PT. 36. AADA. SEC 4. SUBSECT 4.3-4.8_

I declare under penalty of perjury that the foregoing is true and correct. (See 28 U.S.C. sec 1746, N.R.S.208.165). Executed on _10/13/20_
                                                    (date)

_EDWARD E. SEELY_
(Print Name)

(Signature)

Edward E. Seely
453 N. 11st Apt B
Las Vegas NV 89101

11/14/20

Dropped
in
Drop box

Needs to
Stamped
Filed,
day Please

To Clerk,
U.S. District Court
333 S. Las Vegas Blvd
Las Vegas, NV 89101