**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| EDWARD E. SEELY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-02109-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Edward E. Seely's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).  Seely's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Seely's filings present two questions: (1) whether Seely may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Seely's complaint states a plausible claim for relief.

**I.  Whether Seely May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he receives about $783 in social security income and that he has about $10 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II. Whether Seely's Complaint States a Plausible Claim

### a. Legal Standard

Because the Court grants Seely's application to proceed *in forma pauperis*, it must review Seely's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000.

*See* 28 U.S.C. §§ 1331, 1332.

### b. Plaintiff's Complaint

Seely brings claims against the City of Las Vegas and the Nevada State Public Works Division for violations of the Americans with Disabilities Act (42 U.S.C. §§ 12101 to 122134, et seq.); 28 CFR 35.150-35.151, and NRS 338.180. (ECF No. 1-1 at 7). Plaintiff alleges that he suffered injuries (a broken left tibia) because he lost control of his wheelchair due to a steep curb ramp at the corner of Charleston and Maryland Parkway that does not comply with the ADA. (*Id.* at 8). Plaintiff seeks $100,000 in damages. (*Id.*)

"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2000); see also *Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978, 1982, 158 L. Ed. 2d 820 (2004) (quoting 42 U.S.C. § 12132). The Ninth Circuit has held that a city sidewalk and curb ramps are a "service, program, or activity" of a public entity within the meaning of the ADA. *Cohen v. City of Culver City*, 754 F.3d 690, 693 (9th Cir. 2014). "A public entity must make reasonable modifications to avoid discrimination against persons with disabilities, unless it can demonstrate that doing so would fundamentally alter the nature of the service, program, or activity it provides." *Id.*, citing to 28 C.F.R. § 35.130(b)(7); *McGary v. City of Portland*, 386 F.3d 1259, 1265-66 (9th Cir. 2004).

To prevail under Title II, the plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability. *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Title II authorizes private suits for money damages.

Cohen, 754 F.3d at 693, citing to *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004).

The Ninth Circuit gives Department of Justice (DOJ) regulations construing Title II "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1065 (9th Cir. 2010) (internal quotation marks omitted). 28 C.F.R § 35.150 governs existing facilities: it requires the City to operate each program, service, or activity in a manner that, viewed in its entirety, is readily accessible to and usable by persons with disabilities. 28 C.F.R. § 35.150(a).

Nevada law provides additional options for obtaining relief with respect to the disabled's accessibility per NRS 338.180. Although there is dearth case law regarding whether an individual may bring a private enforcement action pursuant to NRS 338.180, an Alabama law review article, in a 50-state analysis regarding state law protections for people with disabilities, concluded that NRS 338.180 likely permits private enforcement actions, but that damages are likely capped to $50,000 as a tort action in Nevada per 41.031. Ruth Colker & Adam Milani, *The Post-Garrett World: Insufficient State Protection Against Disability Discrimination*, 53 Ala. L. Rev. 1075, 1102 (2002).

The Nevada Court of Appeals held that, "[a]ny state tort claims must name not only the state employees, but must also include the State, on relation of the particular department, as a party to those particular claims in order to comply with NRS 41.031 and NRS 41.0337 and perfect a waiver of Nevada's sovereign immunity. Any claims brought pursuant to § 1983, however, need only name the state employees, in their individual capacities, as parties to the § 1983 claims. The plaintiff need not—and indeed cannot—name the State as a party to the 42 U.S.C. § 1983 claims." *Craig v. Donnelly*, 135 Nev. 37, 41, 439 P.3d 413, 416 (Nev. App. 2019).

Since federal law allows private suits for money damages, the plaintiff has likely stated an ADA

claim at the screening stage since he alleges that he is an individual in a wheelchair who was excluded from use of a sidewalk ramp because the ramp is allegedly too steep for a wheelchair per the ADA, and the steepness of the ramp could not accommodate his wheelchair which caused him to be injured. Plaintiff has alleged facts to show that sidewalk ramp is not accessible or usable by persons with disabilities per federal regulations.

Plaintiff has not, however, stated a plausible claim pursuant to NRS 338.180. It appears that plaintiff is attempting to bring a tort claim against the state, but he has not named any state employees, the State, on relation of the particular department, as a party to the state law claim to perfect a waiver of Nevada's sovereign immunity pursuant to NRS 41.031 and NRS 41.0337. The Court will give plaintiff an opportunity to amend his complaint. The Court dismisses plaintiff's complaint without prejudice.

ACCORDINGLY,

IT IS ORDERED that Seely's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Seely's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Seely has until Thursday, February 4, 2021 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on

the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 5th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE