**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| EDWARD E. SEELY,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>                Defendants. | Case No. 2:20-cv-02109-APG-VCF<br><br>**Amended Order**<br><br>Amends Order (ECF No. 3) |

This Court previously granted pro se plaintiff Edward E. Seely's application to proceed in forma pauperis (ECF No. 1) but dismissed his complaint (ECF No. 1-1) without prejudice (ECF No. 3). Plaintiff's complaint is also docketed. (ECF No. 4). The Court now amends its prior order because upon review the Court erred in dismissing Seeley's entire complaint. Seely brought claims against the City of Las Vegas and the Nevada State Public Works Division for violations of the Americans with Disabilities Act (42 U.S.C. §§ 12101 to 122134, et seq.); 28 CFR 35.150-35.151, and NRS 338.180. (ECF No. 1-1 at 7). The Court intended to dismiss only plaintiff's claim pursuant to NRS 338.180 without prejudice and allow him to proceed with his federal claims.

I. **Plaintiff's Federal Claims**

For efficiency the Court will not restate its entire analysis here, but in its prior Order the Court noted that, "federal law allows private suits for money damages, the plaintiff has likely stated an ADA claim at the screening stage since he alleges that he is an individual in a wheelchair who was excluded from use of a sidewalk ramp because the ramp is allegedly too steep for a wheelchair per the ADA, and

the steepness of the ramp could not accommodate his wheelchair which caused him to be injured." (ECF No. 3 at 5, citing to Americans with Disabilities Act (42 U.S.C. §§ 12101 to 122134, et seq.)). The Court also noted that, "Seeley alleged that he suffered injuries (a broken left tibia) because he lost control of his wheelchair due to a steep curb ramp at the corner of Charleston and Maryland Parkway that does not comply with the ADA. (*Id.* at 3, citing to ECF No. 1-1 at 7). The Court found that, "[p]laintiff has alleged facts to show that sidewalk ramp is not accessible or usable by persons with disabilities per federal regulations." *Id*. at 5, citing to 28 C.F.R § 35.150 which, "requires the City to operate each program, service, or activity in a manner that, viewed in its entirety, is readily accessible to and usable by persons with disabilities." The Court thus amends its Order to clarify that plaintiff's complaint, read liberally and at the screening stage, has stated plausible federal claims.

## II.     Plaintiff's State Law Claim

The Court found that Seeley did not state a plausible claim pursuant to NRS 338.180. The Court noted that, "[i]t appears that plaintiff is attempting to bring a tort claim against the state, but he has not named any state employees, the State, on relation of the particular department, as a party to the state law claim to perfect a waiver of Nevada's sovereign immunity pursuant to NRS 41.031 and NRS 41.0337." (ECF No. 3 at 5, citing to *Craig v. Donnelly*, 135 Nev. 37, 41, 439 P.3d 413, 416 (Nev. App. 2019)("Any state tort claims must name not only the state employees, but must also include the State, on relation of the particular department, as a party to those particular claims in order to comply with NRS 41.031 and NRS 41.0337 and perfect a waiver of Nevada's sovereign immunity.")).  The Court also noted that, "[a]lthough there is dearth case law regarding whether an individual may bring a private enforcement action pursuant to NRS 338.180, an Alabama law review article, in a 50-state analysis regarding state law protections for people with disabilities, concluded that NRS 338.180 likely permits private enforcement actions, but that damages are likely capped to $50,000 as a tort action in Nevada per

2

41.031." (*Id.* at 5, citing to *Ruth Colker & Adam Milani*, The Post-Garrett World: Insufficient State Protection Against Disability Discrimination, 53 Ala. L. Rev. 1075, 1102 (2002)).  Plaintiff has not stated a plausible NRS 338.180 claim and the Court dismisses only plaintiff's NRS 338.180 claim. The Court will give plaintiff another opportunity to amend his complaint if he wishes to pursue his NRS claim. Otherwise plaintiff may proceed on his federal claims only.

ACCORDINGLY,

IT IS ORDERED that the Court's prior order dismissing plaintiff's complaint (ECF No. 3) is AMENDED.

IT IS FURTHER ORDERED that only plaintiff's NRS 338.180 claim is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until Friday, April 23, 2021 to file an amended complaint addressing the issues the Court has identified regarding plaintiff's NRS 338.180 claim. If plaintiff does not file an amended complaint, this case will proceed on his federal claims (Americans with Disabilities Act (42 U.S.C. §§ 12101 to 122134, et seq.) and 28 CFR 35.150-35.151) only. Failure to timely file an amended complaint that addresses the complaint's deficiencies regarding NRS 338.180 may result in a recommendation for dismissal of that claim with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of March 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE