# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| EDWARD E. SEELY, | |
| Plaintiff, | 2:20-cv-02109-APG-VCF |
| vs. | **ORDER** |
| CITY OF LAS VEGAS, *et al.*, | |
| Defendant. | |

Before me are the motion for the court to issue a second summons/USM on Defendant Nevada State Public Works Division (ECF NOS. 15, 16) and motion for extension of time of 30 days to effectuate service on Defendant Nevada State Public Works Division (ECF NO. 20).

On November 16, 2020, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1). His IFP was granted with leave to file an amended complaint. On April 23, 2021, Seely filed his Amended Complaint. The Amended Complaint was reviewed and filed. Summons were issued to City of Las Vegas and Nevada State Public Works Division. (ECF Nos. 7 & 8).

Plaintiff had up to, and, including October 20, 2021, for service of the Complaint and Summons on defendants. *Id.*

On September 30, 2021, Summons was returned as unexecuted on Defendant Nevada State Public Works Division. On the unexecuted Summons of Defendant Nevada State Public Works Division, USMS wrote that they went to 2300 McLeod St, Las Vegas, Nevada and subject does not work here – unable to locate. (ECF No. 12). It seems that on the process form Plaintiff Seely directed the USMS to serve Nevada State Public Works Division with Patrick Ward at 2300 McLeod St, Las Vegas, Nevada 89101. *Id.*

Plaintiff has now filed the instant motion seeking an order from the court to reissue Summons on Defendant Nevada State Public Works Division and for service. (ECF Nos. 15, 16). In his motion, Plaintiff states that this is a simple motion, so no points and authorities are needed.

<u>Extension For Service</u>

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The last day to effectuate service on Defendant Nevada State Public Works Division was October 20, 2021. Fed. R. Civ. P. 4(m). Plaintiff requests to extend the 4(m) deadline on Defendant Nevada State Public Works Division. (ECF No. 20). Plaintiff states that this is a simple request, and no points and authorities are needed. *Id.*

Here, Plaintiff failed to demonstrated "good cause" for his failure to effectuate service and has not provided any support for his request for an extension.

Under LR 7-2(a), all motions—unless made during a hearing or trial—must be in writing and served on all other parties who have appeared. The motion must be supported by a memorandum of points and authorities.

Here, Plaintiff has not supported any of his motions with points and authorities.

Accordingly,

I HEREBY ORDER the motion for the court to issue a second summons/USM on Defendant Nevada State Public Works Division (ECF NOS. 15, 16) and motion for extension of time of 30 days to effectuate service on Defendant Nevada State Public Works Division (ECF NO. 20) are DENIED without prejudice.

Plaintiff may refile his requests supported with points and authorities.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 3rd day of December, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE