UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Edward E. Seely, <br><br> Plaintiff <br><br> v. <br><br> Nevada State Public Works Division, et al., <br><br> Defendants | Case No. 2:20-cv-02109-CDS-VCF <br><br> **Order Granting Defendants' Motions to Dismiss** <br><br> [ECF Nos. 42, 44] |

Pro se plaintiff Edward E. Seely sues defendant Benton Marshall,[1] a Nevada State Public Works Division employee, and Mario Gomez, a Nevada Department of Transportation employee, for violations of the Americans with Disabilities Act (ADA) and its implementing regulations.[2] The case stems from Seely's unfortunate fall while navigating his wheelchair over a steep curb and pothole at the end of the handicap-accessible ramp located on the corner of Maryland Parkway and Charleston Boulevard in Las Vegas, Nevada. Seely broke his tibia and alleges that he suffered more than $300,000 in damages. Both defendants move to dismiss Seely's lawsuit. Marshall asserts that his dismissal is warranted because he is not responsible for the maintenance or condition of the curbs or sidewalks in the City of Las Vegas. Gomez argues that

---

[1] The defendants point out that Benton Marshall was erroneously listed as "Brenton Marshall" in Seely's complaint. ECF No. 42 at 1.

[2] Seely also sues various unnamed Doe defendants. While "as a general rule, the use of 'John Doe' to identify a defendant is not favored," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), the Ninth Circuit has permitted the use of Doe defendants in limited circumstances. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (reversing district court's dismissal of Doe defendant because plaintiff alleged facts sufficient to support claim against Doe). Nonetheless, a court may dismiss Doe defendants when, even if their identity were discovered, the complaint would have to be dismissed on other grounds. *Id.* Because I find that Seely's claims against the Doe Public Works defendants rest on the same reasoning as his claims against Marshall, the named Public Works defendant, and I find that Seely cannot state a viable claim against Marshall, I also dismiss Seely's claims against the Doe defendants.

his dismissal is warranted because he was not properly served. For the following reasons, I grant Marshall's motion to dismiss but grant in part and deny in part Gomez's.

I.      Background[3]

Seely states that he is a "T-4 paraplegic confined to a wheelchair." Second Am. Compl., ECF No. 31 at 8:4. On November 16, 2018, he left his home in his wheelchair to shop at a store on the corner of Maryland Parkway and Charleston Boulevard, taking the most direct path of travel from his house—a journey that he took often. *Id.* at 8:5–6. The route required him to cross eight streets perpendicular to Maryland Parkway and to utilize the "curb ramps"[4] connecting each crosswalk to the sidewalk. *Id.* at 8:9–11.

On that particular day, Seely decided to visit a second store located across Charleston Boulevard on the southwest corner of the Maryland/Charleston intersection. *Id.* at 8:21–23. Utilizing the curb ramp again to move from the sidewalk toward the pedestrian crosswalk, Seely "lost control of his wheelchair" based on the "steep slope [and] angle of the curb ramp crossing." *Id.* at 8:24–26. He tried to prevent himself from rolling into the street but "was unsuccessful," causing him to be "thrown from his wheelchair into the street when his wheelchair hit the end of the ramp." *Id.* at 9:1–4. He heard a "pop," and before he could regain his senses, unnamed non-party individuals exited their cars to assist him back into his wheelchair. *Id.* at 9:5–8. He "immediately felt painful surges on his left leg and below his knee." *Id.* at 9:8–9. Seely then called a friend to pick him up and take him first to Seely's house to pick up his insurance documents and then to Valley Hospital. *Id.* at 9:10–12. He had immediate surgery to

---

[3] For the purposes of ruling on the motions to dismiss, I "assume [the] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). My factual summary thus takes Seely's well-pled factual allegations as true.

[4] The Supreme Court of Nevada has cautioned that slopes like this one may "more accurately be described as the tapered portion of the sidewalk that decline[s] from the interior portion of the sidewalk to the adjoining [] lot." *Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 220 n.2 (Nev. 2001). For clarity, I use the exact language used by Seely in describing the curb ramp at the Maryland/Charleston intersection but decline to determine at this time whether the slope was a "ramp" within the meaning of the Uniform Building Code or any other act or statute.

1 "prevent the amputation of his left leg." *Id.* at 9:15–17. The medical personnel who treated him
2 informed him that he suffered a "left leg proximal tibia fracture," and they performed a second
3 surgery on the morning of November 17, then a third surgery on the morning of November 19. *Id.*
4 at 9:22–10:3. Seely spent nine more days in the hospital, received in-home health care for an
5 additional two months, and had to wear a brace on his left leg that caused an ankle pressure
6 sore. *Id.* at 10:4–11. He suffered additional complications thereafter and has been dealing with
7 those complications ever since. *Id.* at 10:12–11:11.

8 Back in November 2018, after Seely exited the hospital, he attempted to call the City of
9 Las Vegas to bring the inaccessible curb ramp and his injury to the city's attention. *Id.* at 11:12–16.
10 The recipient of that call informed him that Public Works managed that area of curb ramps and
11 sidewalks, advising him to call Public Works. *Id.* at 11:16–19. He did so, but the phone operator
12 informed him that the city, not Public Works, had jurisdiction over the intersection, so he
13 should complain to them. *Id.* at 11:19–26. Seely now sues the Public Works department,[5] its
14 employee Benton Marshall, and NDOT employee Mario Gomez for various ADA violations. *Id.* at
15 13:1–28.

16 **II.  Marshall's motion to dismiss (ECF No. 42)**

17 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
18 sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule
19 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a
20 claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

---

[5] It is unclear from the face of the complaint whether Seely intends to sue Public Works as a whole entity or simply various unnamed "Doe" individuals who were responsible for constructing or maintaining the Maryland/Charleston intersection. ECF No. 31 at 13. Seely's complaint, filed pro se, should be read as a whole and construed liberally as I assess the sufficiency of his pleading. Seely does not list Public Works as a separate party. *Id.* His attempt to serve Public Works was returned unexecuted. ECF No. 37 at 2. And in Seely's response to the Public Works motion to dismiss, he states that he "seeks monetary compensation . . . from the individual defendants B[]enton Marshall and John/Jane Does . . . of the Nevada State Public Works Division." ECF No. 60 at 3:10–13. Taking these facts together, I conclude that Seely did not intend to sue Public Works itself and that even if he did intend to do so, he has yet to effectuate proper service on it.

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

Marshall moves to dismiss Seely's ADA claims against him because Public Works does not have jurisdiction over the City of Las Vegas' curbs, streets, and sidewalks. ECF No. 42 at 3. Seely responds that on May 7, 2019, NDOT and Public Works entered into a "cooperative agreement" that transferred maintenance responsibilities of pavements, curbs, gutters, and sidewalks to Public Works. ECF No. 60 at 7. He attaches a copy of the agreement to his response. Ex. A, ECF No. 60 at 19. However, as Seely himself notes, the cooperative agreement was entered into "some six months **after**" he experienced his injury in November 2018. ECF No. 60 at 7 (emphasis added). Thus, the agreement was not in effect at the time of his injury, so Public Works would not have been responsible for the maintenance of the curb ramp at the time his injury occurred. The law prior to the adoption of the cooperative agreement indicated that the city was ultimately responsible for the "operational duty to assure the reasonably safe construction of its public sidewalks, including . . . wheelchair ramp[s]." *City of Las Vegas v. Pursel*, 885 P.2d 557, 558 (Nev. 1994).

Because I find that Public Works employees were not responsible for maintaining the sidewalk ramp at the time Seely was injured, I need not address the qualified-immunity argument. I grant Marshall's motion to dismiss with prejudice because amendment would be futile; nothing Seely can bring to this court's attention will overcome the legal barrier he faces in attempting to holding a Public Works employee liable for the maintenance of Las Vegas's curb ramps prior to the cooperative agreement.

### III.   Gomez's motion to dismiss (ECF No. 44)

Gomez argues that he should be dismissed, or in the alternative, that the service upon him should be quashed, because (1) he was named only in his individual capacity and (2) he was not properly served with the summons and second amended complaint as required by law. ECF No. 44 at 2. Gomez states that Seely attempted to serve him by leaving the documents with non-party Judith Zamora at Gomez's workplace. *Id.* at 4. Gomez had not authorized Zamora to accept service of any legal documents on his behalf, and Zamora was "not even in [Gomez's] chain of command." *Id.* Seely responds that the court should waive the requirement of service because of Gomez and Zamora's "inadvertence or fraud." ECF No. 59 at 4.

Gomez was not served in accordance with the Federal Rules of Civil Procedure. An individual within a judicial district of the United States may be (1) served by following state law for serving a summons[6] or by (2) delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e). Gomez was not served personally, at his house, or via authorized agent. ECF No. 44 at 4. Instead, the lawsuit was served upon an unauthorized person at Gomez's workplace. *Id.*

---

[6] Nevada's rule for service essentially mirrors its federal analogue. *See* Nev. R. Civ. P. 4.2(a) (describing process for serving an individual).

1    Seely argues that Gomez and Zamora have "created this inefficiency and attempted to
2 sidesaddle this court[.]" ECF No. 59 at 4. However, his arguments are, in part, directed at what
3 Zamora could or should have done. *Id.* at 4–5. Zamora is a non-party to this case and, Gomez
4 alleges, was not at any point responsible for or authorized to accept service on Gomez's behalf.
5 Seely also argues that he made a good faith attempt to serve Gomez, but it was Zamora's fault
6 for creating the failure to properly serve the defendant. *Id.* at 6. Seely provides no authority or
7 law—and I, too, can find none—stating that an individual is legally responsible to accept service
8 on behalf of another when they are not explicitly authorized to do so. While pro se pleadings
9 must be broadly construed, even pro se litigants must "follow the same rules of procedure that
10 govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Service is a precise, rule-
11 driven process, and Seely is advised to follow the Federal Rules of Civil Procedure if he attempts
12 to effectuate service on Gomez again. "Neither actual notice [to the defendant] nor simply
13 naming the defendant in the complaint will provide personal jurisdiction" absent substantial
14 compliance with Rule 4's requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). I find
15 that Gomez has not been properly served in this matter.

16    However, "[t]he choice between dismissal and quashing service of process is in the
17 district court's discretion." *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). I elect
18 to quash because it is the least restrictive option to remedy improper service, and Seely, as a pro
19 se litigant, should not be punished for his lack of familiarity with the Federal Rules of Civil
20 Procedure or the intricacies of service of process.

21 **IV.    Conclusion**

22    IT IS HEREBY ORDERED that Marshall's motion to dismiss **[ECF No. 42] is**
23 **GRANTED**. Seely's claims against Marshall, Public Works, and the Doe employees of Public
24 Works are dismissed with prejudice. The Clerk of Court is directed to enter judgment
25 accordingly.

26

IT IS FURTHER ORDERED that Gomez's motion to dismiss **[ECF No. 44] is DENIED in part and GRANTED in part**. I quash the service of process upon Gomez and order that, if Seely still wishes to pursue his claims against Gomez, proper service must be effectuated within **30 days of this order's filing**. Failure to timely serve Gomez may result in his dismissal from this action and the closing of this case.

DATED: March 24, 2023

_____
Cristina D. Silva
United States District Judge