# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Edward E. Seely, | Case No. 2:20-cv-02109-CDS-VCF |
| Plaintiff, | Order Denying Plaintiff's Motion for Reconsideration and Striking Duplicative Filing |
| v. | |
| Nevada State Public Works Division, et al., | [ECF Nos. 68, 69] |
| Defendants. | |

Pro se plaintiff Edward E. Seely brought this action against defendants Benton Marshall, Mario Gomez, and various unnamed Doe individuals employed by Nevada's State Public Works Division for violations of the Americans with Disabilities Act of 1990 and its implementing regulations. In March of this year, I granted Marshall's motion to dismiss, and granted in part and denied in part Gomez's motion to dismiss, after finding that Gomez was not properly served. ECF No. 64. In that same order, I directed Seely to properly serve Gomez within 30 days if he still wished to pursue his claims against him. *Id.* at 7. I warned Seeley that failure to timely serve Gomez may result in his dismissal from this action and the closing of this case. *Id.* Seely did not file proof of service for Gomez, nor did he seek an extension of time to do so. As a result, and over four months after directing Seely to properly serve Gomez, I dismissed Gomez from this action. Minute Order, ECF No. 66; Judgment, ECF No. 67.

On August 16, 2023, Seely filed a motion for reconsideration of my August 1, 2023, decision dismissing Gomez as a defendant and closing the case. *See* ECF No. 68.[1] In his declaration, Seely states that he filed a third request for a summons with the Clerk of Court but never received the summons. *Id.* at 5. He also asserts that he never received a copy of my March 2023 order directing him to serve Gomez within 30 days. *Id.*

---

[1] The motion was docketed twice. *Compare* ECF Nos. 68 and 69. I strike the later filing as duplicative (ECF No. 69) and only issue a decision on ECF No. 68.

## I. Legal Standard

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

## II. Discussion

Seely seeks relief from my order dismissing Gomez, asserting that in February 2002, he moved to serve the defendants but "never received 'any summons' or answer from this court." ECF No. 68 at 3. However, the record belies that assertion. By order issued on March 23, 2022, Magistrate Judge Cam Ferenbach granted Seely's motion and extended the time to effectuate service on defendants to June 1, 2022. ECF No. 36. Moreover, the docket reflects that the Clerk issued the summons and emailed them to United States Marshal for service; and the "order and USM-285 form/instructions [were] mailed to P[laintiff.]" *Id.* On May 23, 2022, Seely filed the executed summons. ECF No. 40. In response, Gomez filed a motion to dismiss arguing that he

was not properly served with the summons and second amended complaint because they were left with a non-party at his workplace. ECF No. 44. I elected to quash the service of process upon Gomez and ordered Seely to effectuate service in compliance with the Federal Rules of Civil Procedure within 30 days. ECF No. 64. Now, Seely also argues that he never received my March 2023 order. ECF No. 68 at 4. It is a plaintiff's duty to diligently monitor his case. While Seely updated his address with the court on February 28, 2022 (ECF No. 35), the docket does not reflect a single piece of mail for Seely that was returned as undeliverable. Absent record evidence to the contrary, I conclude that Seely was properly served with the March 2023 order. *See Watt v. Roth*, 2008 WL 4712387, at *1 (N.D. Cal. Oct. 22, 2008) (a pro se plaintiff who does not receive notices via e-mail was properly noticed by the Clerk via the United States Postal Service).

I am not persuaded by Seely's arguments. He does not state with particularity the points of law or fact that I overlooked or misunderstood in my order. Furthermore, Seely's motion fails to present any of the "highly unusual circumstances" that would warrant reconsideration of my prior decision. Thus, I deny his motion for reconsideration.

### III. Conclusion

IT IS THEREFORE ORDERED that Seely's motion for reconsideration **[ECF No. 68] is DENIED.**

IT IS FURTHER ORDERED that the duplicative filing at **[ECF No. 69] is STRICKEN**.

DATED: August 29, 2023

_____
Cristina D. Silva
United States District Judge

3